IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02248–WJM–KMT

MICHAEL SEXTON,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO a municipality,
RAYMOND LINGLEY, in his individual and official capacities,
MARVIN FORBES, in his individual and official capacities,
WILLIAM GIANNINI, in his individual and official capacities,
PETER TOMITSCH, in his individual and official capacities,
SCOTT WISLER, in his individual and official capacities,
TRACY TOTH, in his individual and official capacities, and
ROBERTO WILLIAMSON, in his individual and official capacities,

    Defendants.

## ORDER

Before the court is Defendants' "Motion for Protective Order from Discovery and to Vacate Scheduling Order Deadline." (["Motion"], Doc. No. 17.)  In their Motion, Defendants ask that discovery in this matter be stayed, pending resolution of their contemporaneously filed motion to dismiss.  (*Id.* at 1-2.)  Plaintiff has responded in opposition to the Motion.  (["Response"], Doc. No. 21.)  For the following reasons, the Motion is GRANTED.

### STATEMENT OF THE CASE

Plaintiff Michael Sexton alleges that, on January 30, 2019, he was unlawfully detained, arrested, and searched by seven Colorado Springs Police Department ["CSPD"] officers—

Defendants Raymond Lingley, Marvin Forbes, William Giannini, Peter Tomitsch, Scott Wisler, Tracy Toth, and Roberto Williamson [the "Individual Defendants"]—"simply" for yelling "f**k the police" at them. (["Complaint"], Doc. No. 1 at ¶¶ 1-2, 16-37.)  Sexton further alleges that the City of Colorado Springs exhibits a "disturbing pattern of arresting individuals without probable cause and retaliating against those who criticize CSPD."  (*Id.* at ¶¶ 3, 38-50, 64-69.)  Plaintiff complains that he has been specifically "targeted" by CSPD officers on several other occasions, "for simply criticizing them."  (*Id.* at ¶¶ 3, 51-63.)

Based on these allegations, on July 30, 2020, Plaintiff commenced this lawsuit, pursuant to 42 U.S.C. § 1983, asserting the following claims: (1) First Amendment free speech restriction against all Defendants; (2) First Amendment retaliation against all Defendants; (3) Fourth Amendment unreasonable seizure against all Defendants; (4) Fourth Amendment unlawful search against Defendants Lingley, Forbes, Giannini, Tomitsch, Toth, and Williamson; and (5) Fourth Amendment malicious prosecution against all Defendants.  (*Id.* at ¶¶ 70-138.)  The claims are brough against the Individual Defendants, in both their personal and official capacities.  (*Id.* at 1.)  In the Complaint, Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.  (*Id.* at 27-28.)

On October 13, 2020, Defendants responded to the Complaint by filing a motion to dismiss, as well as a motion to stay discovery, pending resolution of the motion to dismiss. (Doc. No. 16; Mot. 1.)  Defendants argue that a stay is appropriate in this case, because their motion to dismiss invokes qualified immunity defenses to certain of Plaintiff's claims.  (Mot. 1-2.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (citation omitted).

## ANALYSIS

In this case, as to the first factor, Plaintiff contends that a discovery stay would "deprive" him of the "ability to effectively vindicate his constitutional rights before memories fade, witnesses scatter, and documents are lost." (Resp. 1.) Plaintiff argues further that, if discovery in this matter is stayed, the "value" of discoverable evidence "will be diluted." (*Id.* at 10.) Defendants, for their part, insist that Plaintiff will not be prejudiced by a stay, because in this case, "[t]here is no deadline by which discovery must be completed," "[n]o trial date has been set," and "Defendants have only just filed their first substantive filing." (Mot. 4-5.) Given that Plaintiff has an interest in proceeding expeditiously, however, the court finds the first factor to weigh against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months"); *accord Breckenridge v. Vargo*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016) (noting that, in this District, "a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more").

As to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, primarily because the Individual Defendants have each asserted

qualified immunity defenses to Plaintiff's claims.[1] (Mot. 5-6; *see* Doc. No. 16 at 3-7.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration. *See Raven v. Williams*, No. 1:19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's qualified immunity defense).

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for injunctive and declaratory relief, or against official capacity claims. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citation omitted). Nor does qualified immunity necessarily

---

[1] Defendants Lingley, Forbes, Toth, and Williamson have invoked qualified immunity with respect to all claims asserted against them. (Doc. No. 16 at 3.) Defendants Giannini, Tomitsch, and Wisler have invoked qualified immunity, only as to Plaintiff's malicious prosecution claim. (*Id.* at 5.)

shelter municipalities from § 1983 liability. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). In this case, Plaintiff has requested declaratory and injunctive relief, in addition to monetary damages. (Compl. 27-28.) In addition, Plaintiff lodges municipal liability claims against the City of Colorado Springs. (*Id.* at ¶¶ 70-113, 123-38.)

However, to the extent Plaintiff wishes to proceed with limited discovery as to certain of his claims, there is no question that allowing such discovery to move forward would unduly burden the Individual Defendants, as well as the City of Colorado Springs. Indeed, in this case, it would be particularly difficult to distinguish between discovery related to claims that may be subject to qualified immunity, and those that are not. For instance, Plaintiff's malicious prosecution claim against the City of Colorado Springs, which would not be subject to qualified immunity, would result in discovery of the same information that would be relevant to the malicious prosecution claims against the Individual Defendants, all of which would potentially be subject to qualified immunity. Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such a scenario would be inappropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). And, by Plaintiff's own admission, "there is no effective way for Plaintiff to conduct full discovery with respect to his claims against Defendant Colorado Springs . . . without submitting written discovery requests to (and deposing) the Individual Defendants." (Resp. 4.) Accordingly, the second factor supports the imposition of a stay. *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because

6

"it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not"); *see also Garcia v. Adams Cnty., Colo.*, No. 16-CV-1977-PAB-NYW, 2017 WL 951156, at *3 (D. Colo. Mar. 8, 2017) (finding the second factor weighed in favor of staying discovery as to both individual and municipality defendants, even though qualified immunity was only applicable to claims against the individual defendants, because the claims against all defendants were intertwined).

Looking to the remaining *String Cheese* factors, the third "court convenience" factor weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. *See Raven v. Williams*, No. 1:19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) ("[A] stay may prevent the waste of judicial time and resources in handling discovery disputes regarding claims and parties that are [potentially] subject to dismissal."). The fourth factor bears no weight, as neither side has identified any nonparty whose interests would be impacted by the requested stay. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

As a final matter, Plaintiff asks the court to employ a "modified" *String Cheese* analysis, and to address "the likelihood of success" of Defendants' motion to dismiss. (Resp. 7-9.) However, given that Defendants' motion to dismiss has not been referred to this court for a recommendation, the court declines to conduct a merits analysis. Indeed, "no element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case." *Sanchez v. City & Cnty. of Denver, Colo.*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at

*5 n.3 (D. Colo. Feb. 26, 2020) (quoting *Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017)).

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that Defendants' "Motion for Protective Order from Discovery and to Vacate Scheduling Order Deadline" (Doc. No. 17) is **GRANTED**.  The November 16, 2020 deadline to submit a proposed scheduling order is **VACATED**.  Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss.  The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the Scheduling Conference should be reset.

This 2nd day of November, 2020.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge