IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02248–WJM–KMT

MICHAEL SEXTON,

     Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO a municipality,
RAYMOND LINGLEY, in his individual and official capacities,
MARVIN FORBES, in his individual and official capacities,
WILLIAM GIANNINI, in his individual and official capacities,
PETER TOMITSCH, in his individual and official capacities,
SCOTT WISLER, in his individual and official capacities,
TRACY TOTH, in his individual and official capacities, and
ROBERTO WILLIAMSON, in his individual and official capacities,

     Defendant.

---

**ORDER**

---

Before the court is Defendants' "Motion for Protective Order from Discovery and to
Vacate Scheduling Order Deadline." (["Motion"], Doc. No. 45.) In the Motion, Defendants ask
that discovery in this matter be stayed, pending resolution of their previously filed motion for
summary judgment. (*Id.* at 1-2; *see* Doc. No. 44.) Plaintiff has responded in opposition to the
Motion, and Defendants have replied. (["Response"], Doc. No. 53; ["Reply"], Doc. No. 54.)

**STATEMENT OF THE CASE**

In this lawsuit, Plaintiff Michael Sexton alleges that, on January 30, 2019, he was
unlawfully detained, arrested, and searched by seven Colorado Springs Police Department

["CSPD"] officers—Defendants Raymond Lingley, Marvin Forbes, William Giannini, Peter

Tomitsch, Scott Wisler, Tracy Toth, and Roberto Williamson [the "Individual Defendants"]—

"simply" for yelling "f**k the police" at them.  (["Complaint"], Doc. No. 1 at ¶¶ 1-2, 16-37.)

Sexton further alleges that the City of Colorado Springs exhibits a "disturbing pattern of

arresting individuals without probable cause and retaliating against those who criticize CSPD."

(*Id.* at ¶¶ 3, 38-50, 64-69.)  Plaintiff complains that he has been specifically "targeted" by CSPD

officers on several other occasions, "for simply criticizing them."  (*Id.* at ¶¶ 3, 51-63.)

Based on these allegations, on July 30, 2020, Plaintiff commenced this action, pursuant to

42 U.S.C. § 1983, asserting the following claims: (1) First Amendment free speech restriction

against all Defendants; (2) First Amendment retaliation against all Defendants; (3) Fourth

Amendment unreasonable seizure against all Defendants; (4) Fourth Amendment unlawful

search against Defendants Lingley, Forbes, Giannini, Tomitsch, Toth, and Williamson; and (5)

Fourth Amendment malicious prosecution against all Defendants.  (*Id.* at ¶¶ 70-138.)  The claims

are brought against the Individual Defendants, in both their personal and official capacities.  (*Id.*

at 1.)  In the Complaint, Plaintiff seeks declaratory and injunctive relief, as well as monetary

damages.  (*Id.* at 27-28.)

On November 2, 2020, discovery in this matter was stayed, pending resolution of

Defendants' previously filed motion to dismiss.  (Doc. No. 22; *see* Doc. No. 16.)  On July 7,

2021, the presiding United States District Judge, William J. Martínez, granted Defendants'

motion to dismiss, in part, dismissing all claims against Defendants Lingley, Forbes, Williamson,

and Toth; dismissing the official capacity and malicious prosecution claims against the

remaining Individual Defendants; dismissing the First Amendment free speech restriction claim,

to the extent that it presented a facial challenge to a Colorado law; dismissing the municipal

liability claim, to the extent predicated upon a failure to train, supervise, or discipline; and lifting

the discovery stay.  (Doc. No. 40.)

In light of the stay being lifted, on July 7, 2021, this court ordered the parties to submit a

proposed scheduling order by July 28, 2021.  (Doc. No. 41.)  Two weeks later, on July 21, 2021,

the City of Colorado Springs and the three remaining Individual Defendants—Giannini,

Tomitsch, and Wisler—moved for early summary judgment on all of Plaintiff's claims, and filed

a motion to stay discovery pending resolution of the motion for summary judgment.  (Doc. No.

44; Mot. 1.)  Defendants argue that a discovery stay is, once again, warranted here, because their

motion for summary judgment invokes qualified immunity with respect to all of Plaintiff's

claims against the remaining Individual Defendants, and because all relevant factors weigh in

favor of a stay.  (Mot. 3-8.)  Plaintiff, on the other hand, contends that Defendants are essentially

attempting to "deprive" him "of his ability to effectively vindicate his constitutional rights before

memories fade, witnesses scatter, and documents are lost."  (Resp. 1.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

Rule 26(c), however, permits a court to "make an order which justice requires to protect a party .

. . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing

*Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

3

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at \*1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at \*1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at \*2 (D. Colo. Mar. 2, 2007).  Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at \*2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action."  *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at \*3 (D. Colo. Jan. 4, 2019) (citation omitted).

## ANALYSIS

In this case, as to the first factor, Plaintiff contends that he would be "substantially prejudiced" by the imposition of a second discovery stay, because "the memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become

4

unavailable, or documents may become lost or inadvertently destroyed." (Resp. 11.) Plaintiff

argues further that the reimposition of a stay in this case "could delay the proceedings for an

unknown period of time." (*Id.*) Defendants, for their part, argue that Plaintiff's interest in

conducting discovery at this time is "limited" to the "general" interest, shared by "virtually all

plaintiffs," to "proceed[] expeditiously with discovery." (Mot. 4.) In making that argument,

Defendants emphasize that Plaintiff, himself, has filed a motion for partial summary judgment,

which also remains pending. (*Id.* at 5; *see* Doc. No. 32.) Given that Plaintiff has an interest in

proceeding expeditiously, however, the court finds the first factor to weigh against the

imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-

STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a

stay, because of the plaintiff's interest in proceeding expeditiously, and because a final

determination on the motion to dismiss "could take several months"); *accord Breckenridge v.

Vargo*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *2 (D. Colo. Nov. 28, 2016) (noting

that, in this District, "a stay of proceedings in a civil case pending resolution of a dispositive

motion can last several months or more").

As to the second factor, Defendants argue that they would be unduly burdened by moving

forward with discovery, primarily because the three remaining Individual Defendants have each

asserted qualified immunity defenses to all of Plaintiff's claims. (Mot. 5-6; *see* Doc. No. 44.)

Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but

also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S.

299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the

earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012)

(quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted).  In

addition, "discovery generally should be avoided once qualified immunity is raised," unless the

plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the

defendant['s] qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740

(10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).  Here,

Plaintiff has made no such demonstration.  *See Raven v. Williams*, No. 1:19-cv-01727-WJM-

SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in

favor of a stay, because the plaintiff did not address how discovery would pertain to the

defendant's qualified immunity defense).

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v.

Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  Indeed, qualified immunity is applicable only to

individual capacity claims for monetary damages; it does not shelter municipalities from § 1983

liability. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004); *Hinton v. City of

Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  In this case, Plaintiff lodges municipal

liability claims against the City of Colorado Springs, in addition to his claims against the

Individual Defendants. (Compl. ¶¶ 70-113, 123-38; *see* Doc. No. 11-13 (denying Defendants'

motion to dismiss certain of the municipal liability claims).)

However, to the extent Plaintiff wishes to proceed with limited discovery as to certain of

his claims, there is no question that allowing such discovery to move forward would unduly

burden the remaining Individual Defendants, as well as the City of Colorado Springs.  Indeed, in

this case, it would be particularly difficult to distinguish between discovery related to claims that

may be subject to qualified immunity, and those that are not.  For instance, Plaintiff's First

Amendment retaliation claim against the City of Colorado Springs, which would not be subject

to qualified immunity, would result in discovery of the same information that would be relevant

to the First Amendment retaliation claims against the Individual Defendants, all of which would

potentially be subject to qualified immunity.  Given that qualified immunity "is both a defense to

liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such

a scenario would be inappropriate.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  And, by Plaintiff's own admission, "there is no

effective way for Plaintiff to conduct full discovery with respect to his claims against Defendant

Colorado Springs . . . without submitting written discovery requests to (and deposing) the

Individual Defendants."  (Resp. 3.)  Accordingly, the second factor supports the imposition of a

stay.  *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL

4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying

discovery, even though qualified immunity was only applicable as to some of the claims, because

"it would be difficult for the parties and the Court to distinguish between discovery related to the

claims that may be subject to qualified immunity and those that are not"); *see also Garcia v.

Adams Cnty., Colo.*, No. 16-CV-1977-PAB-NYW, 2017 WL 951156, at *3 (D. Colo. Mar. 8,

2017) (finding the second factor weighed in favor of staying discovery as to both individual and

municipality defendants, even though qualified immunity was only applicable to claims against

the individual defendants, because the claims against all defendants were intertwined).

Looking to the remaining *String Cheese* factors, the third "court convenience" factor

weighs in favor of stay.  Indeed, it is certainly more convenient for the court to enter a stay until

it is clear which of Plaintiff's claims, if any, will move forward.  *See Raven v. Williams*, No.

1:19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) ("[A] stay may

prevent the waste of judicial time and resources in handling discovery disputes regarding claims

and parties that are [potentially] subject to dismissal.").  The fourth factor bears no weight, as

neither side has identified any nonparty whose interests would be impacted by the requested stay.

As to the fifth factor, the general public's primary interest in this case is an efficient and just

resolution.  Avoiding wasteful efforts by the court and the litigants serves that purpose.

As a final matter, Plaintiff asks the court to employ a "modified" *String Cheese* analysis,

and to address "the likelihood of success" of Defendants' summary judgment motion on the

merits.  (Resp. 8-15.)  However, given that the motion for summary judgment has not been

referred to this court for a recommendation, the court declines to conduct a merits analysis.

Indeed, "no element of the *String Cheese* factors requires that this court make a preliminary

determination as to the likelihood of success of either the dispositive motion or the ultimate

merits of this case."  *Sanchez v. City & Cnty. of Denver, Colo.*, No. 19-cv-02437-DDD-NYW,

2020 WL 924607, at *5 n.3 (D. Colo. Feb. 26, 2020) (quoting *Church Mut. Ins. Co. v. Coutu*,

No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017)).

Therefore, considering the *String Cheese Incident* factors together, as well as the strong

interest of resolving immunity questions before subjecting government officials to the

vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Motion for Protective Order from Discovery and to Vacate

Scheduling Order Deadline" (Doc. No. 45) is **GRANTED**.  Discovery in this matter is

**STAYED** pending a ruling on the "Defendants' Early Motion for Summary Judgment" (Doc.

No. 44).  The parties shall file a joint status report within ten days of a ruling on Defendants'

motion for summary judgment, if any portion of the case remains, to advise whether the

proposed scheduling order deadline should be reset.

Dated this 10th day of August, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge